UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSBEL HERNANDEZ-MORA, A-221-415-326,

Petitioner,

v.

MESA VERDE PROCESSING CENTER,

Respondent.

No. 1:26-cv-05700-DC-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition and response filed by respondent are before the court. (ECF Nos. 1, 5.) This matter is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1). For the reasons set forth below, the undersigned recommends the court grant the petition to the extent that respondents be ordered to provide petitioner a bond hearing before an immigration judge.

**I. Background**

Petitioner is a native of Cuba who has been in immigration detention since February 10, 2026. (ECF No. 5-1 at 1-2.) He was admitted into the United States as a minor on February 6, 2025, at Miami, Florida. (Id. at 2.) Petitioner alleges he has complied with "immigration proceedings" and that he presents no risk of danger to the community or significant risk of flight. (ECF No. 1 at 6.) He asserts his civil detention without a bond hearing violates the Due Process

Clause of the Fifth Amendment. (Id.) Petitioner seeks immediate release from custody, or, in the alternative, a prompt individualized bond hearing. (Id. at 7.)

Under respondent's evidence, petitioner was charged on January 10, 2026, in Puerto Rico with the following criminal offenses: "Possession, Transportation and Use of a Firearm without a License" and "Firing or Aiming a Firearm" in violation of Puerto Rico Weapons Law. (ECF No. 5-1 at 2.) ICE arrested petitioner on February 10, 2026, at the Puerto Rico First Instance Court in Bayamon, Puerto Rico. (Id.) On the same date, petitioner was served with a Notice to Appear and placed in removal proceedings under section 240 of the Immigration and Nationality Act. (ECF No. 5-2 at 1.)

Respondent asserts petitioner's detention is pursuant to 8 U.S.C. § 1226(a). (ECF No. 5 at 1.) Respondent provides no argument in opposition to the petition except to state petitioner is entitled to seek a custody redetermination before an immigration judge. Although the time for petitioner to file the optional reply has not expired, no further briefing is necessary, and the petition should be granted.

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

## III. Discussion

Petitioner was living in the United States when he was detained on February 10, 2026, and he is not subject to a final order of removal. The applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). By not providing petitioner a bond hearing under 8 U.S.C. § 1226(a), respondents are violating petitioner's federal rights.

Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2). Under § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Respondent's assertion that petitioner is entitled to seek a custody redetermination hearing provides no reason to deny the petition because petitioner was entitled to an initial bond hearing and other process which should have already been provided. Habeas relief is warranted because petitioner is detained in violation of the INA, as codified at 8 U.S.C. § 1226(a).

Alternate to a bond hearing, petitioner seeks an order that he be released from custody. The record indicates petitioner has a liberty interest in his continued freedom protected by the Due Process Clause. Respondent does not dispute that petitioner entered the United States "lawfully with a valid visa" and "complied with immigration proceeding[s]" and petitioner's Notice to Appear indicates he was previously admitted into the United States. (ECF No. 1 at 6; ECF No. 5-2 at 1.) A non-citizen's prior release into the United States can create a liberty interest in remaining out of custody. See, e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release into the United States after a determination he presents no danger to the community or flight risk gives rise to a "heightened" liberty interest in remaining out of detention). Moreover, here, petitioner has been living in the United States for approximately two decades. See Luis Manuel G.S. v. Chestnut, No. 1:26-CV-04303-TLN-JDP, 2026 WL 1723983, at *4 (E.D. Cal. June 15, 2026) (holding the petitioner had a clear liberty interest in his continued freedom protected by the Due Process Clause where he had lived in the United States for nearly two decades during which time he maintained a residence, started a family, built a life, and worked to provide and care for his family).

To determine what procedure was due, the court applies the test established in Mathews v. Eldridge, 424 U.S. 319 (1976). The Mathews test considers three factors: (1) the private

interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

Petitioner has a substantial private interest in maintaining his out-of-custody status. Freedom from imprisonment is at the core of the Due Process Clause. Zadvydas, 533 U.S. at 690. The risk of erroneous deprivation of this private interest is considerable because petitioner was denied the process he was due under 8 U.S.C. § 1226(a) and has not been afforded an individualized determination whether he should be released or detained while removal proceedings are ongoing.

However, respondent may have a legitimate interest in petitioner's detention based on the events that led to petitioner's arrest in January 2026 and the criminal charges subsequently filed. Under these circumstances, the undersigned will recommend petitioner be provided a prompt post-deprivation bond hearing as the appropriate remedy rather than outright release. See Singh v. Chestnut, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner formerly released on his own recognizance and detained by ICE after an arrest for aggravated battery, because the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report"); J.S.H.M. v. Wofford, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15–16 (E.D. Cal. Oct. 16, 2025) (ordering bond hearing where there was a dispute of fact as to whether violations of release terms occurred and ICE's reliance upon those violations was not obviously pretextual).

## IV. Recommendation

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondents be ordered to provide petitioner a bond hearing before an Immigration Judge within fourteen (14) days of adoption of these findings and recommendations.
3. Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 11, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 hern5700.mer