UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSBEL HERNANDEZ-MORA (A-221-415-326),<br>Petitioner,<br>v.<br>MESA VERDE ICE PROCESSING CENTER, et al.,<br>Respondents. | No. 1:26-cv-05700-DC-CKD (HC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 6) |

Petitioner, proceeding pro se, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 11, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 6.) Neither party filed objections to the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and finds the findings and recommendations to be supported by the record and

by the magistrate judge's analysis. However, consistent with this court's previous decisions, the court finds that the appropriate relief in this case is Petitioner's immediate release from custody.[1] *See Gomez Linares v. Mullin*, No. 1:26-cv-04105-DC-CKD, 2026 WL 2240988 (E.D. Cal. Aug. 3, 2026) (ordering immediate release of the petitioner rather than a bond hearing where there was insufficient evidence to support a reasonable inference that changed circumstances warranted the petitioner's immigration detention such that a post-deprivation bond hearing, rather than release, would be the proper remedy); *Lucas-Roblero*, No. 1:26-cv-06366-DC-CKD, Doc. No. 7 (similarly granting temporary restraining order and petition, and ordering immediate release as relief).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 11, 2026 (Doc. No. 6), are ADOPTED IN PART;

2. Petitioner Osbel Hernandez-Mora's (A-221-415-326) petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) is GRANTED as follows;

   a. Respondents shall IMMEDIATELY RELEASE Petitioner from their custody;

   b. Upon his release, Respondents shall not impose any additional restriction on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

---

[1] The magistrate judge concluded that the proper remedy is a bond hearing because Respondents "may have a legitimate interest" in Petitioner's detention because of the arrest noted in his Form I-213. (Doc. No. 6 at 4.) However, the Form I-213 does not show the status of any charges at the time of Petitioner's detention or indicate that the arrest prompted his detention. (Doc. No. 5-1.) Further, Respondents do not reference or provide argument as to the implications of the arrest on this case, if any. (Doc. No. 5.) *See Lucas-Roblero v. Warden*, No. 1:26-cv-06366-DC-CKD, Doc. No. 7 (E.D. Cal. Aug 13, 2026) (where the respondents made no argument as to any implications of the petitioner's arrest alleged in the Form I-213, this court found that the respondents did not identify factual or legal issues that would distinguish the petitioner's case from this court's prior decisions ordering release). These facts do not support a reasonable inference that changed circumstances warranted Petitioner's immigration detention such that a post-deprivation bond hearing, rather than release, would be the proper remedy. *See, e.g.*, *Zejada v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-05651-DC-CSK, 2026 WL 2254595 (E.D. Cal. Aug. 5, 2026) (finding a bond hearing to be the proper remedy where the respondents emphasized that the petitioner was detained by immigration authorities following his arrest for the crime of threatening another with the intent to terrorize, for which he had a pending felony charge).

c. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;

d. If the government seeks to re-detain Petitioner, they shall provide him with a bond hearing pursuant to 8 C.F.R. 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;

3. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;
4. The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Facility; and
5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 24, 2026**

Dena Coggins
United States District Judge